**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALGETERNAL TECHNOLOGIES, LLC, MILTON HUGHES MORRIS, AND KATON MORRIS | § § § § | |
| v. | § § | |
| DAVID RAMJOHN, BRUCE DOPSLAUF, BK COOK FAMILY, LP, BRIAN COOK, ARTHUR DAY, M.D., W.A. SANFORD, 5X5, SBS HOLDINGS, LP, HOCHBURG HOLDINGS, LP, DONALD MEINERS, ANNA KATHERINE SCHMIDT AND ROB EISSLER | § § § § § § § § | CIVIL ACTION NO. 4:17-CV-02667 JURY DEMANDED |

| | | |
|---|---|---|
| ALGETERNAL TECHNOLOGIES, LLC | § § § § | CIVIL ACTION NO. 4:17-CV-02828 |
| v. | § § | |
| MILTON H. MORRIS AND KOBY WESLEY MORRIS | § § § | |

---

**DEFENDANT ALGETERNAL'S MOTION TO ENFORCE
AND COMPEL EXECUTION OF SETTLEMENT DOCUMENTS**

---

Defendants David Ramjohn, et. al. (collectively "Defendant AlgEternal") file this motion to enforce the parties' mediated settlement agreement and compel the execution of settlement documents, and respectfully show as follows:

## I. SUMMARY

This dispute involves competing claims over the right to control AlgEternal Technologies, LLC ("AlgEternal"). The parties reached a mediated settlement agreement on October 19, 2017, pursuant to which the parties agreed to work together to draft three specific documents: (1) a new company agreement, (2) a consulting agreement, and (3) a mutual release and settlement agreement. Defendant AlgEternal took the primary role, and assumed the primary costs, in drafting the documents. After six months of negotiations and a second session with the mediator, the parties completed the final version of the new company agreement. Plaintiffs requested Defendant AlgEternal deliver an executable copy for Plaintiff Milton Morris's signature, which Defendants delivered on April 27, 2018. Now, Plaintiffs have ceased responding to communications and have failed to execute the agreed-upon settlement documents. As one of the documents Plaintiffs are withholding from Defendant AlgEternal is the AlgEternal company agreement, which governs the company's organization and operations, Plaintiff is unilaterally preventing AlgEternal from operating effectively.

AlgEternal requests the Court enforce the parties' mediated settlement agreement and compel execution of the finalized settlement documents.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2017, the Court heard arguments on the parties' respective Motions for Preliminary Injunction, denied relief, and ordered the parties to mediation. At an October 19, 2017 mediation, the parties agreed to and executed the Proposed Terms of Settlement (the "Proposed Terms"), attached as Exhibit A. The Proposed Terms require the parties to "work to draft documentation to carry out these terms." This required the parties to work together to draft and execute three related agreements. The most important of the three agreements is the new

company agreement for AlgEternal (the "Company Agreement"). Without the Company Agreement, AlgEternal is significantly limited in its ability to operate and function as an effective business. In addition to the Company Agreement, the parties agreed to draft a mutual release and settlement agreement ("Settlement Agreement") and a consulting agreement between the company and Plaintiff Milton Morris ("Consulting Agreement") (all three documents may be collectively referred to as the "Settlement Documents"). True and correct copies of the parties' negotiated Company Agreement, Consulting Agreement for Milton Morris, and Settlement Agreement are attached as Exhibits B, C, and D respectively.

For six months after the parties' first mediation, the parties worked to negotiate the complex details of the Company Agreement. At each step, Defendant AlgEternal bore the cost of drafting the agreement and worked in good faith to finalize the parties' settlement. In fact, as a sign of Defendant AlgEternal's good faith and intent to finalize the settlement, Defendant AlgEternal tendered a good faith payment to Plaintiff Milton Morris pursuant to the not-yet-executed Consulting Agreement. *See* Exhibit E, Letter Agreement.

During the drafting process, the parties met for a second mediation on January 29, 2018 to negotiate a small number of outstanding items. Finally, in an email dated March 21, 2018, counsel for Plaintiffs replied that the Company Agreement was "fine subject to an acceptable answer to the question inserted in redline, final client approval, and a resolution of the Katon issue." *See* Exhibit F. Defendant AlgEternal addressed Plaintiffs' concerns, incorporated the edits, and delivered to Plaintiffs the final, agreed draft of the Company Agreement on March 28, 2018. *See* Exhibit F. Unfortunately, Plaintiffs failed to acknowledge receipt of the final Company Agreement or return an executed agreement. From March 21 until April 25, 2018, the undersigned counsel made repeated attempts to contact Plaintiffs. *See* Exhibit G. Unfortunately

Plaintiffs did not respond to any of these communications. *See id*. Plaintiffs' unresponsiveness forced Defendant AlgEternal to file a motion to extend the court's jurisdiction on April 24, 2018, which the Court granted.

On April 27, 2018, Plaintiffs responded to Defendant AlgEternal communications by requesting a "final executable version" for Plaintiff Milton Morris to sign. S*ee* Exhibit H. Defendant AlgEternal resent the final agreement on that same date; however, Plaintiffs yet again failed to deliver the executed agreement and have again fallen silent, refusing to respond to any communications. S*ee* Exhibit I. As a result, Defendant AlgEternal is again forced to seek the Court's intervention to enforce the parties' agreement and compel the execution of the Settlement Documents Plaintiff Milton Morris agreed execute.

### III. ARGUMENT AND AUTHORITIES

A trial court has the power to summarily enforce a settlement agreement entered into by litigants while the litigation is pending before it. *Massachusetts Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam). The construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally. *Borden v. Banacom Mfg. and Mktg., Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988) (*citing Anderegg v. High Standard, Inc.*, 825 F.2d 77, 80-81 (5th Cir. 1987)). Under Texas law, a mediated settlement agreement is enforceable if that agreement complies with Rule 11 of the Texas Rules of Civil Procedure which requires the settlement to be: (1) in writing; (2) signed; and (3) filed as part of the record. *Id;* TEX. R. CIV. P. 11. Settlement agreements that obligate the parties to enter into future contracts are enforceable if they contain all material or essential terms, and those material or essential terms of the proposed agreement are not left for future negotiations. *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013).

First, the parties' Proposed Terms constitute an enforceable settlement agreement. The document satisfies the requirements of Texas Rule of Civil Procedure 11—the agreement is in writing, signed by Plaintiff Milton Morris and Defendant Bruce Dopslauf, acting with authority and on behalf of all named Defendants, and is on file with the Court as an exhibit to this motion. As such, the Court has the authority to enforce that agreement. *See Borden* 698 F. Supp. at 123.

Second, the parties' agreement in the Proposed Terms to draft and execute the Settlement Documents is also enforceable. *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013). (settlement agreements to execute future agreements are enforceable under Texas law if they contain all material terms of the future contract). Here, the Proposed Terms require the parties to "work to draft documentation to carry out these terms." The agreement specifically identifies a new Company Agreement, Consulting Agreement, and Settlement Agreement as the three agreements necessary to carry out the terms of the settlement. Further, the Proposed Terms expressly state that the terms are subject to further negotiations, *see* Exhibit A, and the Proposed Terms address all material issues which gave rise to this lawsuit:

- Plaintiff Milton Morris's ownership interest in the company;
- The parties' respective rights to the company's intellectual property;
- Mr. Morris's compensation under the Consulting Agreement;
- The return of company property;
- The return of capital investments; and
- The drafting of the new Company Agreement.

The parties' negotiations after the Proposed Terms were signed involved ancillary details of the complex Company Agreement and in no way altered the material terms of the signed Proposed Terms. As the material terms remained unchanged and were expressly exempt from further

negotiations, the parties' agreement to draft additional documents is enforceable. *See McCalla*, 416 S.W.3d at 418 (holding that a settlement agreement contained all the material terms of a future contract and thus the parties' agreement to enter into a future contract was enforceable).

In sum, Plaintiff Milton Morris agreed to work with Defendants to draft three separate Settlement Documents. After these documents were extensively negotiated over a period of six months, Plaintiff Milton Morris accepted the final version and represented that he would execute the documents as required under the Proposed Terms. Plaintiff's refusal to sign these documents violates his obligations under the Proposed Terms and can be interpreted as nothing other than Plaintiff's bad faith. Defendant AlgEternal accordingly requests the Court enforce the parties' agreement and compel Plaintiffs to execute the Settlement Documents.

### IV. ATTORNEYS' FEES

Texas law permits a party to recovery reasonable attorneys' fees incurred in enforcing a Rule 11 Agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (awarding attorneys' fees for breach of Rule 11 agreement pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001(8) (West 2008)). Plaintiffs breached the parties' Proposed Terms by failing to work to draft and execute the Settlement Documents. As a result, Defendant AlgEternal was forced to file this motion to enforce. Defendant AlgEternal is thus entitled to recover reasonable attorneys' fees.

### V. REQUEST FOR RELIEF

For the foregoing reasons, Defendant AlgEternal respectfully request that this Court order as follows:

- Plaintiff Milton Morris is ordered to execute the Company Agreement and Consulting Agreement attached to Defendant AlgEternal's Motion to Enforce and Compel Execution of Settlement Documents, and all exhibits attached thereto, within five days of this Court's order.

- Plaintiffs Milton Morris and Katon Morris are ordered to execute the Settlement

Agreement in accordance with their obligations under the Proposed Terms within five days of the date of this Court's order.

- Defendant AlgEternal is entitled to recover reasonable and necessary attorneys' fees and costs.

Defendant AlgEternal further requests that this Court grant it any and all further relief to which it may show itself justly entitled or that the Court deems proper.

Respectfully submitted,

**BOYARMILLER**

By: */s/ Chris Hanslik*
Chris Hanslik
State Bar No. 00793895
Federal ID No. 19249
chanslik@boyarmiller.com
BOYARMILLER
2925 Richmond Ave, 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7766
Facsimile: (713) 552-1758
**ATTORNEY FOR DEFENDANTS,
ALGETERNAL TECHNOLOGIES, LLC**

**OF COUNSEL:**
Andrew Pearce
State Bar No. 24060400
Federal ID No. 919001
apearce@boyarmiller.om
Craig Lauchner
State Bar No. 24102066
Federal ID No. 3016907
clauchner@boyarmiller.com
BOYARMILLER
2925 Richmond Ave. 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7263
Facsimile: (713) 552-1758

## CERTIFICATE OF CONFERENCE

On the 7th day of May 2018 and on the 11th day of May 2018, the undersigned counsel contacted opposing counsel by email and by phone, respectively, concerning the relief sought in this Motion. Counsel for Plaintiffs did not respond.

*/s/ Chris Hanslik*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Chris Hanslik*
