**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALGETERNAL TECHNOLOGIES, LLC, | § | |
| MILTON HUGHES MORRIS, AND KATON | § | |
| MORRIS | § | |
| | § | |
| v. | § | |
| | § | |
| DAVID RAMJOHN, BRUCE DOPSLAUF, | § | CIVIL ACTION NO. 4:17-CV-02667 |
| BK COOK FAMILY, LP, | § | |
| BRIAN COOK, ARTHUR DAY, M.D., | § | JURY DEMANDED |
| W.A. SANFORD, 5X5, SBS HOLDINGS, LP, | § | |
| HOCHBURG HOLDINGS, LP, | § | |
| DONALD MEINERS, | § | |
| ANNA KATHERINE SCHMIDT | § | |
| AND ROB EISSLER | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

The plaintiffs' "Motion to Enforce Settlement Agreement" should be denied because:

1. The motion was filed after the Court's plenary power to enforce the settlement expired; and

2. The motion is frivolous, misrepresents the status of the parties' settlement, and violates the plaintiffs' mediation obligations under the parties' settlement agreement.

*1. The Court's jurisdiction to enforce the parties' settlement agreement expired on June 29, 2018.*

A federal court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement in a case it has previously dismissed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994). The touchstone of whether the district court retains jurisdiction post-dismissal to enforce the terms of a settlement agreement is whether it is

possible to infer such an intention from its dismissal order. *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010) (holding in order to retain jurisdiction to enforce parties' settlement agreement district court's dismissal order "must expressly retain jurisdiction or must otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order.").

Here, the Court entered an Order of Dismissal on January 25, 2018, retaining jurisdiction to enforce the parties' settlement agreement so long as an appropriate motion was made within ninety days of the order. The Court subsequently granted two motions to extend and retain jurisdiction to enforce the settlement agreement for time periods expressly prescribed in those orders. In the Court's latest order extending jurisdiction in this matter, dated May 29, 2018, the Court "retain[ed] jurisdiction to enforce the settlement agreement in its discretion upon an appropriate motion made within thirty (30) days of [the May 29th] Order." See the Court's May 29, 2018 Order on Motion to Extend.

No additional extensions of jurisdiction have been granted since that date. As a result, the Court's jurisdiction to hear a motion to enforce expired on June 29, 2018, thirty days after the Court's last extension. The plaintiffs' pending motion should therefore be denied.

2. *The motion is frivolous, misrepresents the status of the parties' settlement, and violates the plaintiffs' mediation obligations.*

On June 25, 2018, the Court entered an order on *defendants'* "Motion to Enforce the Settlement Agreement and Compel Execution of the Settlement Documents." Pursuant to the Court's order, plaintiffs Milton and Katon Morris were required to sign and return three documents to the defendants: (1) the parties' Mutual Release and Settlement Agreement, (2)

the Consulting Agreement by and between AlgEternal Technologies, LLC and Milton H. Morris, and (3) the AlgEternal Technologies, LLC Company Agreement. Plaintiffs returned executed signature pages of the three documents.[1]

Since that time, the plaintiffs have made no contact with the defendants or their counsel—that includes the plaintiffs' failure to confer prior to filing their motion, as is required by the Court's Procedures.[2] At this juncture, the parties have executed all documents necessary to fully and finally resolve the case filed in this Court. There is nothing left for this Court to decide. The Court should deny the plaintiffs' motion to enforce for the following reasons:

- Despite Plaintiffs claim in their motion that "Defendants have signed nothing," the parties have fully executed each of the three documents required by the Court's June 25, 2018 order. Those fully-executed documents are filed under seal in connection with this response as Exhibits A, B, and C, respectively.

- The parties' Mutual Release and Settlement Agreement contains a mediation requirement whereby the parties agreed to first submit any dispute regarding "the interpretation and/or performance of this Settlement Agreement or any of its provisions" to the mediator that facilitated the settlement. *See* Exhibit A, para. 8.1. Plaintiffs have failed to do so.

- In the event the plaintiffs believe the defendants breached obligations owed under any of the executed agreements, the plaintiffs' are entitled to file a claim for breach of contract. A motion to enforce in this situation is improper and a waste of judicial resources.

---

[1] In spite of the Court's order that the plaintiffs sign and return the three documents as attached to the defendants' May 11, 2018 motion to enforce the settlement agreement and compel execution of the settlement documents, the plaintiffs nevertheless attempted to make changes to the consulting agreement of Milton H. Morris prior to executing. Given the Court's order to execute the agreement as drafted, the defendant's rejected the plaintiff's proposed changes and incorporated the executed signature page into the agreement the Court ordered to be executed. If the plaintiffs now claim the consulting was never executed, it is plaintiff Milton Morris that has violated the Court's order by failing to sign the agreement as drafted and as ordered by the Court.

[2] If plaintiffs' complaint is that the defendants have not provided copies of the fully-executed documents, the proper step would have been to simply ask for copies, not file a motion in court.

**Attorneys' Fees**

The defendants are entitled to recover attorneys' fees and costs pursuant to Paragraph 8.1 of the parties' Mutual Release and Settlement Agreement as a result of the plaintiffs' failure to submit this dispute to mediation prior to seeking the Court's involvement. Because plaintiffs failed to honor their obligation to pursue mediation prior to filing their motion, the defendants were forced to incur attorneys' fees in connection with filing this response.

The defendants respectfully request the Court deny the plaintiffs' motion and grant the defendants' request for recovery of attorneys' fees and costs.

Respectfully submitted,

BOYARMILLER

By: */s/ Chris Hanslik*
Chris Hanslik
State Bar No. 00793895
Federal ID No. 19249
chanslik@boyarmiller.com
2925 Richmond Ave, 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

**ATTORNEY-IN-CHARGE FOR DEFENDANTS DAVID RAMJOHN, et al.**

OF COUNSEL:

Andrew Pearce
State Bar No. 24060400
Federal ID No. 919001
apearce@boyarmiller.com
Craig Lauchner
State Bar No. 24102066
Federal ID No. 3016907
clauchner@boyarmiller.com
BOYARMILLER
2925 Richmond Ave. 14th Floor
Houston, Texas 77098
Telephone: (713) 850-7263
Facsimile: (713) 552-1758

## CERTIFICATE OF SERVICE

I certify that on this 7th day of December, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Chris Hanslik

# EXHIBITS A - C
# FILED UNDER SEAL